Rockingham,
Dec. 3, 1918.

MARGARET D. D. WHITE & a. v. ARTHUR M. DODGE & a., Ex'rs.

Bequest to A, "absolutely and in fee simple," of one seventh of the residue of the
testator's estate charged with the proportional share of an annuity to B.   A is
entitled to hold the property, but as a condition thereto may be required to
furnish security, if that is reasonably necessary for B's protection.

BILL IN EQUITY.   The plaintiffs are legatees under, and the defendants the executors of Mary D. Aikens' will.   The will in so far as it is material reads as follows:

"Twelfth: I bequeath to my sister ·Margaret D. D. White (in addition to what I give her in section second of this will) twenty thousand dollars, the income of which is to be subject proportionally with the residue and rest of my estate to the annuity (mentioned herein and hereafter) of my brother Arthur M. Dodge.

Thirteenth: I direct that the rest and residue of my estate be divided into seven equal parts and bequeath and devise (absolutely and in fee simple) one such part to my sister Clarissa L. D. Brown, charged with payment of the proportional share of the annuity of my brother Arthur M. Dodge, and one such part to my niece Frances Healey, charged also with the proportional share of the annuity of my brother Arthur M. Dodge, the remaining five shares to my sister Margaret D. D. White, each part to be charged with the proportional share of said annuity.

Fourteenth: I direct and give to my brother Arthur M. Dodge an annuity of $1200 a year, for his lifetime, the money to pay this annuity is to be taken from the income of the rest and residue of the estate and from the income of the twenty thousand dollars given to my sister Margaret D. D. White in section twelfth of this will (proportionally)."

The questions whether the testatrix intended (1) that the property passing by the 12th and 13th clauses of the will should be held in trust during Arthur's lifetime; or (2) that each of the several plaintiffs should secure the payment of her share of the annuity before there is a decree in her favor, were transferred by *Allen*, J., without a ruling from the January term, 1918, of the superior court.

*Arthur O. Fuller*, for the plaintiffs.

*Marvin, Batchelder & Peyser*, for the defendants.

YOUNG, J.   Although there are three plaintiffs their interests are identical, consequently this case will be considered as though Mrs. White was the sole plaintiff.   Whether she is entitled to a decree depends on whether the testatrix intended that she should have possession of the legacies given to her or that they should be held by a trustee as long as Arthur lived.   The language the testatrix used is all the evidence there is as to her intention and if that is given its ordinary meaning it is clear that she intended Mrs. White to have the possession of the legacy given her in the 13th clause, for she says that she gives it to her "absolutely and in fee simple" charged with the payment of a part of Arthur's annuity.

Although the testatrix says that a part of Arthur's annuity is to be paid from the income of the legacy given Mrs. White in the 12th clause of the will there is nothing in that inconsistent with an intention that Mrs. White should hold the property.   In other words, the fact the testatrix intended the legacies she gave Mrs. White to be held as a fund during Arthur's lifetime, has no great tendency to prove she did not intend Mrs. White to hold the fund.   It is probable therefore that the testatrix intended Mrs. White to hold the legacy given her in this clause of the will in the same way she is to hold the one given her in the 13th clause.

The fact the will is silent as to whether Mrs. White is or is not to secure the payment of her share of Arthur's annuity tends strongly to the conclusion that that is a question the testatrix never considered.   Since this is so, the test to determine whether the decree for Mrs. White should be conditioned on her securing the payment of the share of Arthur's annuity with which the legacies given to her are charged depends on whether the court finds that that is or is not reasonably necessary for his protection; and that is true of the decrees for the other plaintiffs.

*Case discharged.*

All concurred.